*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MELVIN JOSEPH LEE RICHARDSON III,
Minor.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

MELVIN JOSEPH LEE RICHARDSON III,

        Respondent-Appellant.

UNPUBLISHED
December 08, 2025
3:24 PM

No. 372994
Wayne Circuit Court
Juvenile Division
LC No. 2023-001131-DL

Before: KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Respondent appeals as of right his bench-trial adjudication of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13 years of age). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves respondent's alleged sexual assault against JJ. Respondent was born in June 2005, while JJ was born in March 2008. The alleged assault occurred at an uncertain time in 2017 while JJ was staying with his father, W. Croft. JJ was sleeping on the same bed as his sister and brother. According to JJ, respondent entered the bedroom and woke him up, then told him to move. When JJ laid on the floor, he claimed respondent "started pulling my pants down." Respondent then "got on top of" JJ and put his penis "in [JJ's] butt." JJ did not say anything during the assault, because he "was scared." After a couple minutes, JJ's brother started coming down the stairs, and respondent pulled his pants up.

JJ stated he did not report the assault in 2017 because he "thought it was going to ruin me and my dad's relationship." JJ told R. Jones about the alleged assault in 2020. A Kids Talk interview was conducted with JJ in August 2022. JJ stated that, before the assault, respondent "took [him] off the bed[]" and moved him onto the floor.

Petitioner filed the petition alleging one count of CSC-I. At the adjudication hearing, respondent moved to admit the Kids Talk interview transcript. The trial court identified MRE 613[1] as the relevant rule of evidence. Respondent argued JJ's testimony and his Kids Talk interview were inconsistent as to whether respondent moved JJ off the bed. The trial court stated, "I think there is an inconsistency there[]" and admitted the interview transcript.

The trial court ruled petitioner proved the CSC-I count beyond a reasonable doubt, finding that JJ's failure to disclose the assault for three years and failure to remember what month or time of year the assault occurred did not create reasonable doubt. The trial court stated this matter "turns on whether or not [JJ]'s testimony was credible," and found that JJ did not fabricate his "statement as to the essential fact here of the alleged criminal sexual conduct . . . ."

## II. GREAT WEIGHT AND SUFFICIENCY OF EVIDENCE

Respondent argues his adjudication was against the great weight of the evidence and based on insufficient evidence.

### A. STANDARD OF REVIEW

"A verdict is against the great weight of the evidence when the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *In re JP*, 330 Mich App 1, 13; 944 NW2d 422 (2019) (quotation marks and citation omitted). This Court reviews a trial court's findings of fact after a bench trial for clear error and its legal conclusions de novo. *People v Jarrell*, 344 Mich App 464, 473-474; 1 NW3d 359 (2022) (citation omitted). "A finding is clearly erroneous if this Court is left with a definite and firm conviction that the trial court made a mistake." *Id*. at 474 (quotation marks and citation omitted).

This Court reviews defendant's challenge to the sufficiency of the evidence de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001) (footnote omitted). "[T]his Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). This deferential standard requires the reviewing court to make all reasonable inferences and credibility determinations in favor of sustaining the conviction. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018).

### B. DISCUSSION

Respondent has not shown that his CSC-I adjudication was against the great weight of the evidence or based on insufficient evidence.

The elements of CSC-I are: "(1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014),

---

[1] MRE 613(b) states: "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."

citing MCL 750.520b(1)(a). "Sexual penetration" means, " 'sexual intercourse, . . . or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . .' " *Id*., quoting MCL 750.520a(r).

Initially, we note that to the extent that respondent seeks reversal based on the trial court's admission of the Kids Talk interview transcript, he has waived the argument. Counsel waives appellate review of an issue by "clearly express[ing] satisfaction with a trial court's decision . . . ." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (footnote omitted). Respondent's counsel, not petitioner, moved to admit the transcript. Respondent's counsel argued, and the trial court agreed, that there were inconsistencies between the Kids Talk transcript and JJ's testimony. Because respondent attempts to "harbor error at trial and then use that error as an appellate parachute," *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010) (footnote omitted), we will not address respondent's argument that reversal is warranted as to the admission of the Kids Talk transcript. We also reject his argument that either the trial court or prosecutor improperly used the Kids Talk transcript to consider irrelevant or prejudicial information. The record does not support such a conclusion.

Respondent's great weight and sufficiency of the evidence arguments rely on three inconsistencies or uncertainties in JJ's testimony, none of which undermine the adjudication below. "A verdict is against the great weight of the evidence when the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *JP*, 330 Mich App at 13 (quotation marks and citation omitted). Conflicting testimony is generally an insufficient ground to grant a new trial. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008) (citation omitted). Absent exceptional circumstances, this Court does not interfere with the fact-finder's role in assessing witness credibility. *People v Solloway*, 316 Mich App 174, 181-182; 891 NW2d 255 (2016) (citation omitted). Among those exceptional circumstances are situations when witness testimony "is material and . . . so inherently implausible that it could not be believed by a reasonable juror, or the testimony has been seriously impeached and the case is marked by uncertainties and discrepancies." *Solloway*, 316 Mich App at 183 (quotation marks and citation omitted; alteration in original).

We reject respondent's argument for several reasons. First, it is true that JJ testified that respondent told him to move off the bed, yet stated at the Kids Talk interview that respondent physically moved him off the bed.[2] But this Court recently rejected a great weight of the evidence argument based on a similar inconsistency, i.e., one which does not go to an element of the crime. *People v Knepper*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 363191); slip op at 6-7. As in *Knepper*, respondent does not identify any "specific element" of the adjudicated crime which JJ's inconsistent statements negates. How JJ moved from the bed to the floor does not relate to the elements of CSC-I—sexual penetration of a victim under 13 years old. *Duenaz*, 306 Mich App at 106 (citation omitted). The specific inconsistency between JJ's interview and the Kids Talk interview does not entitle respondent to a new trial.

---

[2] Respondent asserts that JJ said at the adjudication that respondent "forced him onto the floor . . . ." However, JJ did not testify respondent physically moved him, either at the page respondent cites or elsewhere in the adjudication hearing transcript.

Second, according to respondent, JJ claimed respondent's assault "caused ongoing physical pain[,]" but then admitted the pain went away within a few minutes. This misstates the record. JJ said the assault "hurt[,]" but never testified it caused ongoing pain. R. Jones claimed JJ complained about "pain in his butt" for about a year. Yet uncertainty about whether the assault caused JJ ongoing pain is also not a basis for vacating the trial court's adjudication, as physical pain or injury is not an element of CSC-I. *Duenaz*, 306 Mich App at 106 (citation omitted); *Knepper*, ___ Mich App at ___; slip op at 7. Respondent's second argument is factually unsupported and legally meritless.

Third, respondent briefly notes that the witnesses were uncertain when the assault occurred. JJ and R. Jones said he spent the night at Croft's house during the summer of 2017, while Croft stated JJ visited in December 2017, not during the summer. Again, this inconsistency or uncertainty does not negate any specific element of CSC-I, which the trial court ruled was proved beyond a reasonable doubt. When the assault occurred is relevant to the element of the victim's age, but it was undisputed that regardless of when it occurred in 2017, JJ was nine years old at the time of the assault. Uncertainty as to what month or time of year the assault happened does not establish that respondent's adjudication was against the great weight of the evidence.

Respondent next asserts that the lack of corroboration of JJ's testimony casts doubt on the reliability and fairness of the adjudication. However, a victim's testimony need not be corroborated in a criminal sexual conduct case. MCL 750.520h; *Solloway*, 316 Mich App at 181. Respondent also argues JJ's failure to disclose respondent's assault for three years undermines JJ's credibility and the adjudication, but we generally will not interfere with the fact-finder's credibility assessment. *Solloway*, 316 Mich App at 181-182. Respondent has not identified how the delay in reporting the assault is an exceptional circumstance to justify interfering with the trial court's credibility determination. See *People v Beckley*, 434 Mich 691, 717; 456 NW2d 391 (1990).

Finally, respondent implies the cumulative effect of the inconsistencies and lack of corroboration for JJ's testimony entitle him to a new trial. Although the unfair prejudice of several actual errors can be aggregated to demonstrate cumulative error, *People v LeBlanc*, 465 Mich 575, 591 n 12; 640 NW2d 246 (2002), respondent has not identified any actual errors.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

-4-